# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RAYNALDO ENRIQUEZ,

     Plaintiff,

vs.                                                                                             No. CIV 25-0205 JB/GJF

CLOVIS POLICE DEPARTMENT,
FNU SENA, Officer,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court following Plaintiff Raynaldo Enriquez' failure to prosecute the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed February 27, 2025 (Doc. 1)("Complaint").  The Honorable Gregory J. Fouratt, United States Magistrate Judge for the United States District Court, for the District of New Mexico, directs Enriquez to make an initial partial payment of the filing fee within thirty days, as 28 U.S.C. § 1915(b)(1) requires.  <u>See</u> Order Granting In Forma Pauperis Relief, filed January 12, 2026 (Doc. 9)("IFP Order").  Because Enriquez does not comply with the IFP Order, the Court dismisses this case without prejudice.

## <u>BACKGROUND</u>

Enriquez commences this case on February 27, 2025, while incarcerated.  <u>See</u> Complaint at 1.  Construed liberally, the Complaint brings civil rights claims against the Defendants.  The Court refers this matter to Magistrate Judge Fouratt for recommended findings and disposition, and to enter non-dispositive orders.  <u>See</u> Order of Reference Relating to Prisoner Cases, filed March 19, 2025 (Doc. 4).  By an Order, the Magistrate Judge Fouratt enters January 12, 2026, Magistrate Judge Fouratt directs Enriquez to pay an initial partial payment of $16.10.  <u>See</u> IFP

Order at 2.   Magistrate Judge Fouratt sets a deadline of February 11, 2026, for Enriquez to pay the initial partial payment.   See IFP Order at 2.   The IFP Order warns that the failure timely to comply may result in the dismissal of this action without further notice.   See IFP Order at 1-2.

Enriquez does not pay the initial partial payment, show cause for such failure, or otherwise respond to the Order Granting IFP, which was returned as undeliverable.   See Returned Envelope, filed February 23, 2026 (Doc. 10).   Enriquez does not advise the Clerk of his new address, as D.N.M. LR-Civ. 83.6 requires.   D.N.M. LR-Civ. 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M. LR-Civ. 83.6.   The Court therefore considers whether to dismiss this case for failure to prosecute, and to comply with the Court's rules and the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).   As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."   Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sue sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."   Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162. Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

Here, Enriquez has not paid the initial partial payment, as the IFP Order and 28 U.S.C. § 1915(b)(1) require. He also has severed contact with the Court and fails to provide an updated address, as D.N.M. LR-Civ. 83.6 requires. In light of these failures, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute, and to comply with rules and orders. See Olsen v. Mapes, 333 F.3d at 1204. After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, the Court dismisses the case without prejudice.

**IT IS ORDERED** that (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed February 27, 2025, (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

- 4 -

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Raynaldo Enriquez
Colvis, New Mexico

   *Plaintiff pro se*